*312 F. Supp. 909*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 4  1970

PATRICIA D. HOWARD
CLERK OF THE PANEL



THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

MULTIDISTRICT LITIGATION RESULTING FROM )
THE SEEBURG-COMMONWEALTH UNITED MERGER  )  DOCKET NO. 37

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON*, WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

There are two principal corporate parties to this

multidistrict litigation.  They are Commonwealth United

Corporation ("Commonwealth" hereinafter) and Seeburg Corpora-

tion ("Seeburg" hereinafter).  The twelve actions listed on

Schedule A have been brought by stockholders of Commonwealth

individually, as representatives of a class composed of all

stockholders and derivatively on behalf of the corporation

itself.[1]  Commonwealth and Kleiner Bell & Company, Common-

wealth's investment broker and financial consultant, are

---

\* Although Judge Robson did not attend the hearing, he has
with the consent of all parties participated in this decision.
[1] These actions are referred to as the Commonwealth Cases.

-2-

defendants in all these actions.  Various officers and
directors of Commonwealth, Arthur Young & Company, Common-
wealth's accountants, 140 Associates and Investors Overseas
Services, Ltd. (IOS), are defendants in many of these actions.

The four actions listed on Schedule B are brought by
the stockholders of Seeburg individually, as representatives
of a class composed of all Seeburg stockholders and deriva-
tively on behalf of the corporation itself.[2/]  Commonwealth,
Seeburg, the Seeburg Corporation of Delaware, Mr. Delbert W.
Coleman[3/] and Mr. Louis J. Nicastro[4/] are defendants in each
of these actions.

On February 2, 1970, the parties in most of these
actions were ordered to show cause why these actions should
not be transferred for coordinated or consolidated pretrial
proceedings under 28 U.S.C. §1407.[5/]  Notice was given to all
parties and a plenary hearing was held in New York City on
February 27, 1970.  The views of all parties with respect to

---

[2/]  These actions are generally referred to as the Seeburg Cases.
[3/]  Coleman was Chairman of Seeburg's Board of Directors and
its chief executive officer.  He is not a defendant in any of
the Commonwealth Cases.
[4/]  Nicastro was a Director of Seeburg and its President.  He
was also a Director of Commonwealth and is now its President.
He is a defendant in nine of the Commonwealth Cases.
[5/]  This order was subsequently amended to include all other
related actions pending at that time.

-3-

the proposed transfer were fully presented at this hearing.

Several parties contended that there were many factual issues common to both groups of cases and they urge that <u>all actions</u> be transferred to the same district, preferably the Southern District of New York, for coordinated or consolidated pretrial proceedings.  This position was most strongly advocated by counsel for the common defendants - Commonwealth, Seeburg and several individual defendants, particularly Louis J. Nicastro.

Other parties urged that there are few if any questions of fact common to <u>both groups</u> of cases and they contend that the consolidation of the two groups for pretrial proceedings <u>in any district</u> would deter the prompt and efficient conduct of both groups of cases.  This view was presented most strongly by counsel for <u>Kleiner Bell</u> and by general counsel for the plaintiffs in the consolidated New York actions.6/

A third divergent view was taken by counsel for the plaintiffs in the <u>Seeburg Cases</u> pending in the Northern

6/  Six of the <u>Commonwealth Cases</u> filed in the United States District Court for the Southern District of New York have been consolidated, general counsel have been appointed (one for the class action claims and the other for the derivative claims) and a consolidated amended complaint has been filed on behalf of all plaintiffs in these six actions.  Any conflict between this consolidation and the class action approved by the Northern District of Alabama or any other class action claims, can be resolved by the trasferee judge.

-4-

District of Illinois and by counsel for Delbert W. Coleman.
They urge that the Seeburg Cases independently present sub-
stantial common questions of fact and should be consolidated
in a single district, preferably the Northern District of
Illinois.  They also suggest that it might be desirable to
transfer the Commonwealth Cases to the Northern District of
Illinois also.

It is readily apparent that these two groups of cases
share substantial common questions of fact.  In addition to
Commonwealth, the principal defendant in all actions, some
ten individuals are defendants in actions falling into both
groups.  It is quite likely that extensive discovery in both
groups of cases will focus on the records of Commonwealth and
the testimony of the ten individual defendants.  It is also
asserted that the acquisition of Seeburg by Commonwealth was
part of a continuing scheme to enrich insiders to the detriment
of the general stockholders of both companies.  While this
alleged scheme is the central issue of the Seeburg Cases, it
is not without importance to the Commonwealth Cases.

However, this commonality is said to be negated by
potential conflict of interest between the two groups of

- 5 -

plaintiffs[7] and the possibility that the pretrial of the
Seeburg Cases, which are more limited in scope than the
Commonwealth Cases, would be hampered and engulfed by the
pretrial of the more intricate, more complex and broader
issues of the Commonwealth Cases.

The parties generally agree, and we find, that the
two groups of cases involve substantial common questions
of fact; that either group, by itself, is appropriate for
transfer to a single district for coordinated or consolidated
pretrial proceedings under Section 1407; and that while the
two groups of cases may be combined for some pretrial pro-
ceedings, such proceedings should be conducted by a judge
familiar with both groups of cases and sensitive to the needs
and rights of all parties.  Obviously this could best be
accomplished by assigning both groups to the same judge, in
the same transferee district.

Considering the Seeburg group  of cases and the Common-
wealth group of cases are related multidistrict litigation in-
volving one or more common questions of fact, the choice of

_____

7/  The Seeburg plaintiffs are seeking to rescind or cancel
the Seeburg-Commonwealth merger while the Commonwealth
plaintiff might favor the merger since Seeburg is allegedly
Commonwealth's most valuable asset.

-6-

transferee forums can first be narrowed to the Northern
District of Illinois and the Southern District of New York.
While the Seeburg Cases considered alone could be transferred
to the Northern District of Illinois under statutory standards,
the two groups of cases transferred simultaneously should be
transferred to the Southern District of New York because of
the greater number of cases pending in the Southern District
of New York and other connections of the litigations with the
Southern District of New York.

This situation is not unlike the one recently pre-
sented in the Revenue Properties Litigation, ____ F.Supp. ____
(JPML February 27, 1970). That litigation also had two
distinct segments. We transferred them to a single district
in which consolidated or coordinated pretrial proceedings
could be conducted at the discretion of the transferee court.
However, to insure maximum continuity and to avoid conflict,
real or imaginary, both groups were assigned to the same
judge. We proposed to do the same thing here. The trans-
feree judge may then consolidate and coordinate the pretrial
proceedings in the two groups of cases to the extent he may
deem consolidation or coordination desirable to serve the
convenience of parties and witnesses and to promote the just
and efficient conduct of such actions.

-7-

The Honorable Frank H. McFadden of the Northern District of Alabama, who has been assigned to the Southern District of New York, has agreed to conduct the pretrial proceedings in both groups of litigation in the Southern District of New York.  The Commonwealth Case before Judge McFadden in the Northern District of Alabama is the most advanced in pretrial preparation of all the cases.  As a result Judge McFadden is thoroughly familiar with that aspect of this multidistrict litigation.  The assignment to Judge McFadden to both groups of cases has been approved by the transferee court as evidenced by the written consent signed by Chief Judge Sidney Sugarman of the Southern District of New York filed with the Clerk of the Panel.

IT IS THEREFORE ORDERED that the actions listed on Schedule A pending in other districts are hereby transferred to the Southern District of New York and assigned to the Honorable Frank H. McFadden for coordinated or consolidated pretrial proceedings under Section 1407.

IT IS FURTHER ORDERED that the actions listed on Schedule B pending in other districts are hereby transferred to the Southern District of New York and assigned to the Honorable Frank H. McFadden for coordinated or consolidated pretrial proceedings under Section 1407.

DOCKET NO. 37                           SCHEDULE A

## SOUTHERN DISTRICT OF NEW YORK

Stephen J. Duskin, et al. v. A. Bruce Rozet,          Civil Action
    et al.                                              No. 69 Civ 5735

Sherelee Land v. Commonwealth United,                 Civil Action
    et al.                                              No. 69 Civ 3726

Sidney Abbey, et al. v. A. Bruce Rozet,               Civil Action
    et al.                                              No. 69 Civ 3782

Irving Baum v. Commonwealth United Corp.,             Civil Action
    et al.                                              No. 69 Civ 4340

Benjamin B. Leinoff v. Commonwealth United            Civil Action
    Corp., et al.                                       No. 69 Civ 4780

Christian Teuchtler, et al. v. Howard D.              Civil Action
    Martin, et al.                                      No. 69 Civ 5022

Charles Nemarow, et al. v. A. Bruce Rozet,            Civil Action
    et al.                                              No. 69 Civ 4342

Ann Wildman v. Commonwealth United Corp.,             Civil Action
    et al.                                              No. 69 Civ 5306

Robert D. Silverman, et al. v. Commonwealth           Civil Action
    United Corp., et al.                                No. 69 Civ 5328

## CENTRAL DISTRICT OF CALIFORNIA

Clarence D. Firstenberg v. Commonwealth               Civil Action
    United Corp., et al.                                No. 69-1389-WPG

Jerry Pierce v. Commonwealth United                   Civil Action
    Corp., et al.                                       No. 69-1339-WPG

## NORTHERN DISTRICT OF ALABAMA

Robert R. Jennings, etc. v. Commonwealth              Civil Action
    United Corp., et al.                                No. CA 69-661

DOCKET NO. 37                                  SCHEDULE B

### NORTHERN DISTRICT OF ILLINOIS

John Stuparitz, et al. v. Seeburg Corp.,            Civil Action
      et al.                                    No. 69 C 2621

Morton Teitelbaum v. Seeburg Corp.,                 Civil Action
      et al.                                    No. 70 C 360

### SOUTHERN DISTRICT OF NEW YORK

Albert Fried & Co. v. Commonwealth United           Civil Action
      Corp., et al.                            No. 69 Civ 5736

### DISTRICT OF DELAWARE

Mollie H. Sanders v. Seeburg Corp.,                 Civil Action
      et al.                                    No. 3834

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

SEP -1 1971

PATRICIA D. HOWARD
CLERK OF THE PANEL

MULTIDISTRICT LITIGATION RESULTING FROM )
THE SEEBURG-COMMONWEALTH UNITED MERGER  )
                                        )
*E. Baden Powell & Jean Marvin Powell v.* )     DOCKET NO. 37
*Merrill, Lynch, Pierce, Fenner & Smith,* )
*Inc., et al.,* Central District of Cali- )
fornia, Civil Action No. 71-1228-F       )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

On May 4, 1970 certain actions brought by stockholders
and former stockholders of the Commonwealth United Corporation
and the Seeburg Corporation were transferred to the Southern
District of New York and assigned to Judge McFadden for coordi-
nated or consolidated pretrial proceedings under 28 U.S.C. §1407.
*In Re Seeburg-Commonwealth United Merger Litigation,* 312 F.
Supp. 909 (J.P.M.L. 1970). The above action, filed in the
Central District of California in May, was the subject of a
"Conditional Transfer Order"[1]/ entered in June. One of the par-
ties objected to the proposed transfer of this action to the
Southern District of New York and the transfer was stayed pend-
ing a hearing held in Denver on July 30, 1971.

_____

\*        Although Judge Wisdom and Judge Lord were not present at
the hearing they have, with the consent of all parties, partici-
pated in this decision.
1/       See Rule 12, Rules of Procedure of the Judicial Panel on
Multidistrict Litigation (Sept. 1, 1970).



- 2 -

The plaintiffs in this action assert that they purchased stock in Commonwealth United Corporation (hereinafter CUC) through and at the recommendation of Merrill, Lynch, Pierce, Fenner & Smith, Inc. (hereinafter Merrill Lynch).  The named defendants are Merrill Lynch; CUC; Kleiner, Bell & Co., Inc. and certain individual officers of Kleiner, Bell.  The action was brought as a class action, presumably under Rule 23 F.R.C.P., on behalf of the Powells and "all other persons similarly situated (estimated to be more than 1,000) who purchased 'CUC' stock from 'Merrill Lynch' during the periods between December 1, 1968 through May 20, 1970 ...." Each of the defendants is charged, *inter alia,* with participating in a "fraudulent course of conduct" in vio- lation of the Section 10b-5 of the Security Exchange Act of 1934 and the laws of the State of California.

Merrill Lynch opposes the transfer of this action to the Southern District of New York but the other defendants strongly endorse transfer.  The plaintiffs have apparently taken no position with respect to the proposed transfer for they did not file a response to the motion to vacate nor did they appear at the hearing in Denver, Colorado on July 30, 1971

Merrill Lynch is not now a party to the coordinated or consolidated pretrial proceedings being conducted by Judge McFadden in the Southern District of New York.  It was a named defendant

- 3 -

in a prior action which the Panel declined to transfer to the
Southern District of New York.[2/]   Merrill Lynch relies on the
prior decision of the Panel in that case in support of its
motion to vacate the Conditional Transfer Order here.   There is,
however, a fundamental difference between these two cases which
makes it inappropriate to grant Merrill Lynch's request.   Merrill
Lynch was the only defendant in the *Jennings* case and while it
too involved the sale of CUC stock, discovery was thought to be
essentially limited to statements made by agents of Merrill Lynch
to the *Jennings* plaintiffs.   It is true -- as Merrill Lynch asserts
-- that the instant action involves claims not materially unlike
those presented in the *Jennings* case but the difference is that
this action goes much further and charges Merrill Lynch with con-
spiring with the other defendants, all of whom are parties in the
litigation now in New York, to misrepresent the value and manip-
ulate  the price of CUC stock.   The *Powell* complaint, unlike the
*Jennings* complaint, attempts to bring Merrill Lynch into the
alleged illegal activity which is the basis of the actions which
have been transferred to New York.

Merrill Lynch recognizes this essential difference but
urges that the "thrust, direction and weight of the factual issues
raised in the *Powell* complaint relate to the conduct of Merrill

2/     *Robert H. Jennings, etc. v. Merrill, Lynch, Pierce, Fenner
& Smith, INc.,*   N. D. Ala., No. CA 70-120.

- 4 -

Lynch in selling CUC shares to the Powells 'and to others similarly situated.'"  The other defendants dispute the inference that they are only secondarily involved in this law suit and point out that the plaintiffs have shown no inclination to dismiss them from this action.  If there is to be a transfer Merrill Lynch suggests that the claims against it be severed and left in Los Angeles while the claims against the other defendants are transferred to New York.  This suggestion overlooks the fact that the complaint is not limited to allegations that each defendant individually and independently acted wrongfully with regard to CUC stock but also includes an allegation that the defendants acted in concert in manipulating CUC stock.  Even if it were possible to separate the claims against Merrill Lynch and leave them in California, Merrill Lynch would undoubtedly be involved in the discovery in New York at least with respect to the role it allegedly played in this conspiracy.[3]/

---

3/    This is not to say, of course, that Merrill Lynch must participate to an equal degree with the other defendants in co-ordinated or consolidated pretrial proceedings.  It may be that the claims against it can be isolated and determined prior to the completion of pretrial proceedings in the other actions.  The transferee judge has the flexibility to resolve threshold issues which could determine the necessity for a particular party's continued presence and participation in the pretrial proceedings.  Even if such issues cannot be resolved during pretrial proceedings, the transferee judge may recommend that the action be remanded prior to the completion of pretrial proceedings in other cases.  For example, if the plaintiffs decided to amend their complaint to narrow the issues presented they could ask the transferee judge to recommend to the Panel that the action be remanded to the court of origin as soon as common discovery is complete.

- 5 -

It seems quite clear from the pleadings *as they presently stand* that this action involves numerous, substantial and complex questions of fact common to most if not all of the actions involved in the coordinated or consolidated pretrial proceedings now being conducted in New York.  We do not believe that Merrill Lynch would be seriously inconvenienced by the transfer of this action from Los Angeles to New York City where its principal offices are located.  On the other hand, the other defendants would be seriously inconvenienced if they had to participate in pretrial proceedings being conducted by two different federal courts.

IT IS THEREFORE ORDERED that the above action be and the same is hereby transferred to the United States District Court for the Southern District of New York and with the prior consent of that court, it is hereby assigned to the Honorable Frank M. McFadden for coordinated or consolidated pretrial proceedings under 28 U.S.D. §1407.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

OCT 20 1971

MULTIDISTRICT LITIGATION RESULTING FROM )
THE SEEBURG-COMMONWEALTH UNITED MERGER )
                                        )
*O'Daniel, et al. v. Commonwealth United* )
*Corp., et al.,* Western District of Arkansas, )   No. 37
Civil Action No. ED-71-C-15             )
                                        )
*Berry Petroleum Co. v. Commonwealth United* )
*Corp., et al.,* Western District of Arkansas, )
Civil Action No. ED-70-C-58             )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN*, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

        By previous Order and Opinion the Panel transferred sixteen

actions brought by stockholders and former stockholders of the

Commonwealth United Corp. and the Seeburg Corporation to the Southern

District of New York for coordinated or consolidated pretrial pro-

ceedings before Judge Frank H. McFadden.   In re Seeburg-Commonwealth

United Litigation, 312 F. Supp. 907 (J.P.M.L. 1970). Since that time

seven additional actions have been transferred to that District.

See, e.g., In re Seeburg-Commonwealth United Litigation, ____ F. Supp.

_____ (J.P.M.L. Sept. 1, 1971). Commonwealth United has now re-

quested the Panel to transfer two actions pending in the Western

District of Arkansas to the Southern District of New York for co-

ordinated or consolidated pretrial proceedings with the other cases.

---

*        Although Judge Murrah was not present at the hearing he has,
with the consent of all parties, participated in this decision.

- 2 -

The Arkansas cases arise out of Commonwealth's acquisition
of the assets of Berry Petroleum, an Arkansas corporation, in ex-
change for Commonwealth's stock in 1968.  After this exchange,
Berry was dissolved and the Commonwealth stock received was dis-
tributed to Berry's shareholders.  Commonwealth placed Berry's
assets in a new Berry Petroleum Corporation, which has since been
sold to a third-party.  The O'Daniel action is brought on behalf
of the class of Commonwealth shareholders acquiring their shares
as a part of the Berry exchange; the Berry action is brought by
the now defunct Berry Corporation; and both seek to rescind the
Berry transactions on the basis of the defendants' alleged mis-
representations in connection with the exchange.[1]

Commonwealth asserted in its motion that there were many
questions of fact common to the Arkansas complaints and the con-
solidated Land-Jennings complaint filed on behalf of all plaintiffs
in the transferred cases in New York.  Both Arkansas complaints
were said to allege a conspiracy to manipulate the market price of
Commonwealth stock in order to induce the Berry stockholders to
ratify the exchange of assets for stock.  Similar general allega-
tions of manipulations are made in the Land-Jennings complaint.
In addition, Commonwealth pointed out that the Land-Jennings com-
plaint seeks to represent a class of shareholders which would in-
clude the class described in O'Daniel.

---

[1]      O'Daniel and Berry were commenced alternatively to avoid
any question concerning the standing of plaintiffs to allege the
defendants' violations of Rule 10b-5 and other provisions of the
securities laws.

- 3 -

After the filing of the Commonwealth motion, the plaintiffs
in O'Daniel received permission to file an amended complaint, which
they candidly concede was drafted to avoid Commonwealth's arguments
for transfer.  The plaintiffs attempted to limit the allegations to
the matter of the Berry-Commonwealth transaction and eliminated all
reference to acts of the defendants also alleged in the Land-Jennings
complaint.  Plaintiffs in O'Daniel now maintain that their action,
like Berry, relates exclusively to breach of contractual representa-
tions and warranties concerning Commonwealth's condition at the time
of the Berry exchange and that their discovery concerning these matters
is virtually complete.  And while the Berry stockholders who received
Commonwealth shares may be within the class alleged in Land-Jennings,
they stress that the Berry transaction was completed by the end of
1968 and before the events of principal interest to the plaintiffs in
Land-Jennings.

Although Commonwealth asserts that even after amendment of
O'Daniel the two actions allege a conspiracy to manipulate the price
of Commonwealth stock, we have concluded that transfer of these two
cases must be denied.  The major issues in the Arkansas cases relate
to a transaction separate and distinct from the later transactions
emphasized by the Land-Jennings complaint.  Although there may be some
common questions of fact, the non-common issues clearly predominate.
And, in addition, the plaintiffs seem to have completed their discovery
efforts and are proceeding expeditiously toward trial.  On these facts,
we do not think the purpose of Section 1407 would be furthered by
transferring these cases to New York.

- 4 -

IT IS THEREFORE ORDERED that defendants' motion to transfer
be DENIED.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN -4 1976

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE SEEBURG-COMMONWEALTH      )
UNITED MERGER LITIGATION        )
                                )
Berry Petroleum Co., et al. v.  )      DOCKET NO. 37
Adams & Peck, et al., W.D. Tenn.,  )
Civil Action No. C-75-484       )

## OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON *, WILLIAM H. BECKER, JOSEPH S. LORD, III,
STANLEY A. WEIGEL *, AND ANDREW A. CAFFREY, JUDGES OF
THE PANEL

PER CURIAM

        The Panel initially transferred sixteen actions brought
by stockholders of Commonwealth United Corporation and Seeburg
Corporation to the Southern District of New York and assigned
them to the Honorable Frank H. McFadden, sitting by designa-
tion, for coordinated or consolidated pretrial proceedings
pursuant to 28 U.S.C. §1407.  In re Seeburg-Commonwealth
United Merger Litigation, 312 F. Supp. 909 (J.P.M.L. 1970).
Additional actions, sharing common questions of fact with
those in the group first transferred, were later also trans-
ferred to the Southern District of New York. See, e.g.,

_____

*     Judges Robson and Weigel were unable to attend
      the Panel hearing and, therefore, took no part
      in the consideration or decision of this matter.

- 2 -

<u>In re Seeburg-Commonwealth United Merger Litigation</u>, 331 F. Supp.
552 (J.P.M.L. 1971).

Thereafter, with the exception of plaintiffs in
two individual actions, [1] a consolidated complaint (the <u>Land-
Jennings</u> action) was filed on behalf of all plaintiffs in
the actions transferred to and pending in the Southern District
of New York.  <u>Land-Jennings</u> was subsequently certified as
a class action on behalf of all persons who at any time
between October 16, 1968 and August 1, 1969 acquired securities
issued by Commonwealth and who sustained losses thereon as
a result of wrongful acts or omissions of the various defendants.

Prior to certification of <u>Land-Jennings</u>, Berry Petroleum
Co. instituted an action in the Western District of Arkansas
(<u>Berry</u> <u>I</u>) [2] against Commonwealth and others arising from
Commonwealth's acquisition of Berry's assets in exchange for
Commonwealth's common stock.  After this exchange, Berry was
dissolved and the Commonwealth stock received was distributed
to Berry's stockholders.  <u>Berry</u> <u>I</u> sought rescission of these
transactions on the basis of defendant's alleged misrepresenta-
tions in connection with the exchange.  In addition, a companion

---

[1] Morton Teitelbaum v. Seeburg Corporation, et al.,
S.D.N.Y., Civil Action No. 69 Civ. 5736, and
Walden Robert Cassotto a/k/a Bobby Darin v.
Commonwealth United Corporation, et al., S.D.N.Y.,
Civil Action No. 70 Civ. 5030.

[2] Berry Petroleum Co. v. Commonwealth United Corp.,
et al., W.D. Arkansas, Civil Action No. ED-70-C-58.

- 3 -

action to Berry I was brought on behalf of a class of Common-
wealth shareholders who acquired their shares as part of the
exchange. 3/

Commonwealth then moved the Panel for an order trans-
ferring Berry I and its companion action to the Southern
District of New York for inclusion in the coordinated or consoli-
dated pretrial proceedings pending there.  That motion was
denied because of the Panel's conclusion that there were only
limited common questions of fact between the two sets of actions
and because plaintiffs in Berry I and its companion action
were proceeding expeditiously toward trial.  In re Seeburg-
Commonwealth United Merger Litigation, 333 F. Supp. 911, 912
(J.P.M.L. 1971).  Berry I  was subsequently settled and dismissed.

In November 1972, the transferee court approved
a settlement of the claims against defendants in Land-Jennings,
with the exception of defendant Arthur Young & Co.  Because
the settlement in Berry I had not then been finally concluded,
a specific allocation from the settlement fund in Land-Jennings
was made to satisfy the potential liabilities in Berry I.
Defendant Arthur Young joined in the Land-Jennings settlement
in August 1973.

---

3/ O'Daniel, et al. v. Commonwealth United Corp., et al.,
W.D. Arkansas, Civil Action No. ED-71-C-15.

- 4 -

In the interim, an action was instituted in the
Northern District of Texas (<u>Berry II</u>) [4/] by four former share-
holders of Berry who purported to represent a class of all
persons who owned Berry stock as of October 16, 1968, and
received common stock of Commonwealth in exchange. The defend-
ants in that action were various directors, officers and
agents of Commonwealth; but Commonwealth itself was not named
as a defendant. Following the issuance of an order to show
cause and responses thereto, the Panel transferred <u>Berry II</u>
to the Southern District of New York pursuant to Section 1407.
<u>In re Seeburg-Commonwealth United Merger Litigation</u>, 362 F. Supp.
568 (J.P.M.L. 1973). A primary factor persuading the Panel
to transfer <u>Berry II</u> was that a threshold question in that
action was the effect of the <u>Land-Jennings</u> class settlement
on plaintiffs' claims. The question whether the <u>Berry II</u>
plaintiffs had effectively opted-out of the <u>Land-Jennings</u>
settling class, the Panel concluded, was most logically
determined by the transferee judge, who had a first-hand
familiarity with all aspects of the litigation then before him.
362 F. Supp. at 571. An additional reason favoring transfer
of <u>Berry II</u> was that, unlike the complaint in <u>Berry I</u>, there
was a substantial overlap between the allegations in <u>Berry II</u>
and the allegations in the claims left unresolved by the

[4/] Berry Petroleum Co., et al. v. Adams & Peck, et al.,
N.D. Texas, Civil Action No. CA-3-6579.

- 5 -

Land-Jennings settlement.  Id.   The commonality of defendants between Berry II and the actions in the transferee district, along with the likelihood of duplicative discovery relating to Berry II and the individual actions remaining at that time before Judge McFadden, were further reasons for transfer.  Id. Berry II was subsequently dismissed by Judge McFadden basically on statute of limitations grounds, and the dismissal was upheld by the Court of Appeals for the Second Circuit.  Berry Petroleum Co., et al. v. Adams & Peck, et al., Civil Action No. 73 Civ. 3452 (S.D.N.Y., filed Aug. 14, 1974), aff'd, 518 F.2d 402 (2d Cir. 1975).

The action now before us (Berry III) was brought by four of the five named plaintiffs in Berry II against seven defendants, six of whom were named in Berry II.  Plaintiffs purport to represent the same class they attempted to represent in Berry II.  Like the complaint in Berry II, the one in Berry III contains allegations that defendants violated the federal securities laws in connection with the dissemination of materials upon which the Berry shareholders relied in approving the Berry-Commonwealth merger.

Three defendants in Berry III move the Panel to transfer this action to the Southern District of New York for inclusion in the coordinated or consolidated pretrial proceedings before Judge McFadden.  A fourth defendant favors the motion, while the four plaintiffs oppose transfer.  We find

- 6 -

that the requested transfer would neither serve the convenience
of the parties and witnesses nor promote the just and efficient
conduct of the litigation and, accordingly, we deny the motion.

Movants maintain that transfer is warranted because
Berry III shares common questions of fact with the litigation
which was previously transferred to the Southern District of
New York.  These questions, they contend, include:  (1) the effect
of class action orders in Land-Jennings on Berry III;  (2) the
effect of releases given in settlement of some of the previously
transferred actions on Berry III; and (3) the questions of
laches and estoppel.  Movants emphasize the importance of
Judge McFadden's familiarity with this litigation.

Although we recognize that Berry III may share
questions of fact common to the actions which were before
Judge McFadden at an earlier time, defendants have not per-
suaded us that such is the case currently.  Plaintiffs have
represented to us that only the Teitelbaum action remains active
in the transferee district and that by pretrial order it involves
only a single factual issue which they will not raise in Berry III.
Defendants do not refute these assertions.  Moreover, neither
the plaintiff nor defendant in Teitelbaum is a party to
Berry III.  Furthermore, both Judge McFadden's and the Second
Circuit's views regarding the effect of the Land-Jennings
class settlement on the Berry III plaintiffs vis-a-vis six

- 7 -

of the seven defendants in this action are well documented, _id_., [5/]

and, as a result, from the standpoint of familiarity, will put

the judge in this action closer to the shoes of the transferee

judge.  Thus, the near completion of the proceedings in the

transferee district, the apparent lack of commonality between

_Berry III_ and _Teitelbaum_ concerning parties and factual issues,

and the availability of both Judge McFadden's and the Second

Circuit's opinions discussing the effect of the _Land-Jennings_

class settlement on the action at bar, set this matter apart

from our reasoning in _Berry II_, 362 F. Supp. at 571; and, in the

particular circumstances of the action before us, lead us to

conclude that its transfer is unwarranted.

   We note that the judge to whom _Berry III_ is assigned

could issue an order to show cause why all discovery heretofore

completed in the transferee district and _Berry II_ as well, which

was processed in Arkansas, should not be made available to the

parties in _Berry III_.  _Cf_. _Manual for Complex Litigation_,

Parts I and II, §§3.11 (rev. ed. 1973).  Such a procedure would

avoid duplication of previously completed discovery.

   IT IS THEREFORE ORDERED that the motion to transfer

the action entitled _Berry Petroleum Co., et al. v. Adams & Peck_,

_et al._, W.D. Tennessee, Civil Action No. C-75-484, be, and

---

[5/] See, for example, 518 F.2d at 411-13, affirming that
the four plaintiffs in _Berry III_ opted-out of the
_Land-Jennings_ class.

- 8 -

the same hereby is, DENIED, without prejudice to the right
of any party to move for transfer at a later date if it feels
future circumstances so require.